**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **NO.  EP-20-CV-262** | |
| § | | |
| **ST. MICHAEL'S LEARNING** § | | |
| **ACADEMY, INC. and** § | | |
| **CHRISTINE ABOUD** § | | |
| § | | |
| **Defendants.** § | | |

**UNITED STATES' ORIGINAL COMPLAINT**

The United States of America, on behalf of its agency, the Department of Veterans Affairs, files this Complaint and states as follows:

### I.      Introduction

1.      Plaintiff, the United States, brings this action against Defendants St. Michael's Learning Academy ("SMLA") and Christine Aboud ("Aboud") (collectively "Defendants") to recover treble damages, civil penalties and costs under the False Claims Act, 31 U.S.C. §§ 3729-33. In the alternative, the United States seeks damages and other monetary relief under the common law and equitable theories of unjust enrichment and payment by mistake.

### II.     Preliminary Statement

2.      In 1944 Congress enacted the Servicemen's Readjustment Act of 1944—commonly known as the GI Bill of Rights.  The GI Bill provides qualifying veterans and their family members, federal benefits to cover all or some of the costs for school or training.

3.      The GI Bill, which includes the Montgomery GI Bill for Active Duty, the Montgomery GI Bill for Selected Reserve, and the Post-9/11 GI Bill, is administered by the

Department of Veterans Affairs ("VA").  The VA remits tuition and fees directly to educational institutions, and provides students a qualifying students a monthly housing allowance and stipend for books and supplies.

4. The Defendants overbilled the VA for education monies in violation of 38 U.S.C. §§ 30 (Volunteer Force Educational Assistance Program), 31 (Training and Rehabilitation for Veterans with Service-Connected Disabilities), 33 (Post-9/11Educational Assistance), and 10 U.S.C. Chapter 101, collectively referred to as the "GI Bill."  This lawsuit seeks to recover those federal funds.

5. Because Defendants knowingly, intentionally, with reckless disregard and/or with deliberate indifference submitted the false and fraudulent claims, recovery is permitted by the FCA and common law.

### III. Jurisdiction and Venue

6. Counts I-III of this Complaint are civil actions by the United States against the Defendants under the FCA.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a)

7. Some of Defendants' actions which form the basis of this lawsuit occurred, or were carried out in El Paso, Texas.  This Court, therefore, has personal jurisdiction over the Defendants and venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 31 U.S.C. § 3732(a), which provides that any action under 31 U.S.C. § 3730 may be brought "in any judicial district in which...any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred."

### IV. Parties

8. The United States is the Plaintiff for whom recovery is sought pursuant to the FCA and common law.

9. SMLA is a privately held company, incorporated in Texas and headquartered at 6220 Westpark Dr. #180, Houston, Texas 77057. At all times relevant to this lawsuit SMLA was a for-profit trade school doing business in El Paso, Houston and Killeen, Texas. As of the date of the filing of this Complaint, SMLA was still listed as an active corporation by the Secretary of State for the State of Texas.

10. Defendant Aboud, last known address of 49 Palm Blvd, Missouri City, Texas 77459, is one of the principals, and the registered agent, of SMLA. Aboud was responsible for submitting some of the false claims for payment that are at issue in this lawsuit. At all times relevant to this lawsuit, Aboud resided in Houston, Texas.

### V.   GI Bill

11. The GI Bill provides federal financial benefits to service members, veterans, and eligible dependents who attend education or training programs taken at accredited colleges or universities and at accredited schools or programs that do not grant college degrees (non-college degree (NCD) programs).

12. For eligible individuals, the GI Bill will pay up to 100% tuition and fee coverage, which is paid directly to the school. Eligible recipients receive a monthly housing allowance (this does not apply to active duty service members) and a one-time payment for books and supplies, both of which are paid directly to the student.

13. For approved programs in college and vocational or technical schools, basic payments are monthly and the rate is based on the amount of instructional/training time that the eligible beneficiary receives. The educational institutions are required to submit monthly claims for payment of educational benefits provided to veterans.

14. For schools offering NCD courses, GI Bill benefits only pay for the actual net costs of tuition and fees.

15. Educational institutions/training establishments seeking to provide GI Bill-eligible programs must make application to their State Approving Agency (SAA), who is under contract with the VA to oversee approval and compliance with federal guidelines. The SAA for Texas is the Texas Veterans Commission ("TVC").

16. In addition to the approval process, TVC also conducts annual on-site compliance visits. Non-accredited/NCD institutions must meet the requirements of 38 USC § 3676 and 38 CFR § 21.4254.

17. The VA uses an internet-based system called "VA-ONCE" to process claims submitted for payment of tuition and fees by educational institutions. Each such institution must designate at least one certifying official who is authorized to submit claims through the VA-ONCE system, which are then processed and paid automatically based on the certification accompanying the claim.

18. Due to the volume of claims processed by the VA, the VA relies on the certification by designated certifying officials that each claim submitted is correct and subject to payment. Claims submitted and paid through the VA-Once system are then subject to an audit, after the payment is made.

## VI. Factual Background

19. SMLA is a for-profit school that offers Post-Secondary-Career and Technical Training. During times relevant to this lawsuit, SMLA operated campuses in El Paso, Houston, and Killeen, Texas.

20. SMLA was approved by the TVC to provide GI Bill-eligible programs. Indeed, SMLA specifically targeted and recruited veterans and active duty members of the United States military to enroll in SMLA's GI Bill eligible programs.

21. As part of its curriculum, SMLA offered courses titled SAP-ESB, SAP-MM and SAP-ERP (collectively referred to as "SAP programs").

22. In seeking approval from the TVC to offer these courses as GI Bill eligible programs, Defendants submitted documentation representing that the SAP programs were three-month programs.

23. Based on the representations made by Defendants, the SAP programs were approved by the VA for total tuition costs of $7,300-$7,800. These approved total tuition costs were conveyed to Defendants as part of the approval process.

24. Defendants were also informed, as part of the approval process, that books and materials, certification preparation, and certification fees were not approved for reimbursement by the VA.

25. SMLA had six certifying officials who were authorized to log onto the VA-Once system and submit claims. Aboud was one of those six certifying officials.

26. Aboud certified the tuition costs for a total of 76 VA students who were enrolled in the SAP programs. For at least 50 of those students, Aboud, improperly certified that they were enrolled in a four-month and one-week course, rather than the three-month course actually taken by the students, and which had been approved by the VA. Defendants, thereby overbilled the VA for those students.

27. The chart attached to this Complaint as Exhibit A specifically sets forth the students (identified by initials) who were enrolled in the programs and for who Defendants

submitted false certifications/claims to the VA. The chart also sets forth multiple claims submitted by Defendants for each student.

28.     These false certifications resulted in the VA paying Defendants as much as $9,200 for a course that was only approved for reimbursement in an amount up to $7,800.

29.     For some of those students listed, Defendants submitted multiple false claims.

30.     Of the six SMLA certifying officials who certified claims in the VA-Once system, Aboud was the only one to submit false billing. All other SMLA certifying officials correctly certified the student's tuition costs.

31.     Aboud also submitted false certifications/claims to the VA for books and fees for students enrolled in the SAP programs. Aboud was aware, or should have been aware, that these fees were not subject to reimbursement by the VA. Because these claims were submitted through the VA-Once system, they were also automatically paid.

32.     In addition to the monies paid directly to Defendants, the false claims submitted by Defendants caused the VA to improperly pay housing allowances to students enrolled in the SAP programs.

33.     Due to the fraudulent billing by Defendants, those students are now liable for repaying these allowances to the VA.

34.     In submitting claims through the VA-Once system and falsely representing that the SAP programs were four months and one week long, the system automatically paid the VA students benefits for the extra month and one week that the students were not actually attending courses.

35. Several of the VA students whose benefits were overbilled, confronted Aboud about the over-billing. Aboud gave these students differing reasons for the overbilling.

36. Aboud told one student that if he vouched for the SAP program, Aboud would refund him the $9,200 that Defendants were paid for the program, even though the VA was the one that paid the tuition and would have been the one entitled to the refund.

37. Some students, whose VA benefits were overbilled filed complaints with the VA to apprise them of the false claims. These students confirmed that the SAP programs lasted only three months, yet their VA benefits were billed for four months and one week.

38. Veterans' education benefits were developed to help veterans assimilate into civilian life after honorably serving their country. These benefits provide limited funds to service members, veterans, and their family members for training and/or education. Because the benefits are limited, if a service member or veteran's benefits are inappropriately charged for an extra month, as occurred in this case, that individual loses a month of valuable education or training he or she would have otherwise received

39. The VA initiated an investigation into the allegations and questioned Defendants about the over-billing.

40. Upon learning of the investigation, Aboud attempted to access the VA-Once system and retroactively alter some of the overbilling claims Defendants had submitted.

41. Defendants were further notified by the TVC of the overbilling for the SAP courses.

42. After the allegations of overbilling had been substantiated by the VA, Defendants re-certified some (but not all) of the overbilled students to reflect the correct length of the course.

43. In May, 2017 Defendants sent a letter to SMLA students denying any "deceptive practices" and accusing a former employee of making false allegations against Defendants.

44. On or about August 1, 2017, Aboud and her attorney met with representatives of the TVC at which time Aboud was informed that she had still failed to refund all the monies the VA paid for the false claims submitted by Defendants. Aboud dismissed these allegations.

45. Despite being notified on multiple occasions that Defendants had illegally and improperly submitted false claims for the SAP programs, they did not immediately reimburse the VA for their false claims.

46. All claims for payment for any student enrolled in the SAP programs, beyond the three months approved by the VA, which were submitted by Defendants or caused to be submitted, are false and fraudulent claims on the United States.

47. All claims for payment of books and fees which were submitted by Defendants, or caused to be submitted, are false and fraudulent claims on the United States.

48. All claims for allowances paid to students enrolled in the SAP programs caused to be submitted by Defendants, are false and fraudulent claims on the United States.

49. All claims submitted, or caused to be submitted, by Defendants for payment under the GI Bill, when Defendants were not in compliance with federal regulations applicable to the GI Bill, are false and fraudulent claims on the United States.

## VII. Causes of Action

### Count I
### Presenting False Claims for Payment
### Violation of the False Claims Act
### 31 U.S.C. § 3729(a)(1)(A)

50. The United States re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint set out above as if fully set forth herein.

51. At all times relevant to this action, Defendants were legally obligated to comply with federal law for submission of claims under the GI Bill.

52. Defendants falsely certified their compliance with federal law when they submitted claims for payment that violated 38 U.S.C. §§ 30, 31, 33, and 10 U.S.C. Chapters 1606 and 1607.

53. Defendants presented or caused to be presented, false and fraudulent claims for payment or approval to the United States Government for tuition payments, fees and allowances in violation of 38 U.S.C. §§ 30, 31, 33, and 10 U.S.C. Chapters 1606.

54. Said claims were presented with actual knowledge of their falsity or with reckless disregard or deliberate ignorance of whether they were false.

55. Defendants knew the VA relied on Defendants' false certification that claims for payments of benefits for veterans and service members enrolled in Defendants' program complied with federal law.

56. By virtue of the false or fraudulent claims made by Defendants, the United States has suffered damages and therefore is entitled to recover in the form of treble damages as provided by the FCA of an amount to be determined at trial, plus a civil penalty of $5,500.00 to $11,000.00, as adjusted for inflation, for each violation of 31 U.S.C. § 3729(a).

## Count II
## Making or Using False Statements
## Violation of the False Claims Act
## 31 U.S.C. § 3739(a)(1)(B)

46. The United States re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint set out above as if fully set forth herein.

47. Defendants made, used, or caused to be made or used, false records or statements to get a false or fraudulent claim paid or approved by the United States Government.

48. Said false records or statements were made with actual knowledge of their falsity or reckless disregard or deliberate ignorance of whether or not they were false.

49. By virtue of the false or fraudulent claims made by Defendants, the United States has suffered damages and therefore is entitled to recovery as provided by the FCA of an amount to be determined at trial, plus a civil penalty of $5,500.00 to $11,000.00, as adjusted for inflation, for each violation.

## Count III
## Concealment to Avoid Obligation to Pay
## 31 U.S.C § 3739(a)(1)(G)

50. The United States re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint set out above as if fully set forth herein.

51. Defendants, by virtue of the acts and omissions described above, knowingly made, used, and/or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, and/or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government pursuant to 31 U.S.C. § 3729(a)(1)(G). Specifically, Defendants submitted claims for payment to the VA tuition for benefits under the GI Bill for which they were not authorized and failed to provide refund or reimbursement to which the VA was entitled.

52. By virtue of the false or fraudulent claims made by Defendants, the United States has suffered damages and therefore is entitled to recovery as provided by the FCA of an amount to be determined at trial, plus a civil penalty of $5,500.00 to $11,000.00, as adjusted for inflation, for each violation.

## Count IV
## Unjust Enrichment

54. The United States re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint set out above as if fully set forth herein.

55. By reason of the foregoing conduct and violation of federal law, Defendants were unjustly enriched and are liable to account for and pay such amounts, which are to be determined at trial, to the United States.

## Count V
## Payment by Mistake

56. The United States re-alleges and incorporates by reference each of the preceding paragraphs of this Complaint set out above as if fully set forth herein.

57. By reason of the foregoing conduct of the Defendants, the United States made payments under mistake of fact.

58. As a result of these payments made by the United States under mistake of fact, the United States has sustained damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States demands judgment against Defendants as follows:

Under Counts I, II, and III (False Claims Act), for an amount of the United States' damages as required by law, plus such civil penalties as are required by law, together with all such further relief as may be just and proper;

Under Count IV (Unjust Enrichment), for an accounting and the amount by which Defendants were unjustly enriched, plus interest and costs, and expenses, and all such further relief as may be just and proper;

Under Count V (Payment by Mistake), for an accounting and the amount the United States paid to the Defendants, plus interest and costs, and expenses, and all such further relief as may be just and proper;

That Defendants be enjoined from concealing, removing, encumbering or disposing of assets which may be required to pay damages, penalties, fines and costs awarded by the Court;

Such other relief as the Court may deem just and proper, together with interest and costs' of this action.

## DEMAND FOR JURY TRIAL

The United States hereby demands that this matter be tried before a jury.

Respectfully submitted,

**GREGG N. SOFER**
UNITED STATES ATTORNEY

 */s/ Eduardo R. Castillo*
**EDUARDO R. CASTILLO**
Assistant United States Attorney
Texas State Bar No. 03984803
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6884
Facsimile: (915) 534-3490
Email: eddie.castillo@usdoj.gov

**JACQUELYN M. CHRISTILLES**
Assistant United States Attorney
Texas State Bar No. 24075431
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Office: (210) 384-7365
Facsimile: (210) 384-7322
Email: jacquelyn.christilles@usdoj.gov

Attorneys for United States of America